**Milena DE BELLO, et al.**

v.

**BROWN & ROOT INC., et al.**

**No. 1:92 CV 185.**

United States District Court,
E.D. Texas,
Beaumont Division.

Dec. 21, 1992.

Mitchell A. Toups, Weller Wheelus & Green, Beaumont, TX, and John M. O'Quinn, O'Quinn Kerensky & McAninch, Houston, TX, for plaintiffs.

Hubert Oxford, III, Benckenstein Oxford & Johnson, Beaumont, TX, Richard Edward Hanson, George Byron Sims, Brown Sims Wise & White, Dimitri P. Georgantas, Robert Joseph Filteau, Filteau Sullivan Georgantas, Houston, TX, Derek A. Walker, Chaffe McCall Phillips Toler & Sarpy, New Orleans, LA, and Clem K. Best, Jr., Houston, TX, for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION TO REMAND AND OVERRULING DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

SCHELL, District Judge.

Plaintiffs, all residents and citizens of Venezuela, filed this action in the 136th Judicial District Court of Jefferson County, Texas, on April 15, 1992, alleging jurisdiction based upon the Texas Civil Practice & Remedies Code § 71.031 (Texas Open Fo-

rum Act), and alleging claims for damages based upon the Texas wrongful death and survival statutes, Venezuelan substantive law and, alternatively, the Jones Act, 46 U.S.C.App. § 688. The Venezuelan plaintiffs have named seven corporate defendants, three of which are allegedly Venezuelan corporations.

This action arose from the sinking of the M/V Diana on January 23, 1992. The M/V Diana sank approximately sixty-seven nautical miles southeast of Galveston, Texas. The ship was in transit from the Port of Houston to Venezuela with oil field production cargo aboard. As a result of the sinking of the M/V Diana, eight of her crewmen died. Two of the surviving crew and the families of the deceased crew members have filed this action.

Three of the seven named defendants removed this action pursuant to 28 U.S.C. § 1441, *et seq.* The removing defendants, two of which are Texas corporations, allege that the only proper wrongful death cause of action is one pursuant to the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761, *et seq.* Defendants further allege that a DOHSA claim may be removed from state court to federal court. The plaintiffs disagree and have timely filed a motion to remand this action back to the 136th Judicial District Court of Jefferson County, Texas.

The court had referred this matter to the Honorable Wendell C. Radford, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636. On July 14, 1992, the magistrate judge conducted a hearing on the motion to remand, and on September 10, 1992, submitted a report and recommendation to this court recommending that this action be remanded back to the state court. This recommendation is based upon the premise that the plaintiffs have in good faith named the proper Jones Act employer, and that even if the plaintiffs had asserted claims pursuant to DOHSA, such claims are nonremovable. The court has received and considered the report of the magistrate judge, along with the record, pleadings, and all available evidence.

■ Defendants Halliburton Logging Services, Inc., Holman Shipping, Inc., and Brown & Root, Inc. have filed objections to the recommendation of the magistrate judge. This requires a *de novo* review of the objections in relation to the pleadings, hearing record, and applicable law pursuant to Fed.R.Civ.P. 72(b).

Brown & Root has filed two specific objections to the magistrate judge's recommendation. The first objection concerns the sufficiency of the plaintiffs' allegations regarding the Jones Act employer and the second concerns the responsible party for the loading of the M/V Diana at the Greens Bayou Terminal. The question of what company loaded the ship, however, is irrelevant for the purpose of this ruling on the motion to remand. Halliburton Logging Services and Holman Shipping object to the Jones Act employer analysis and the DOHSA removability analysis contained in the magistrate judge's report and recommendation. The common Jones Act objections will be reviewed first.

*Jones Act Employer Allegations*

■ The plaintiffs contend they have named the Jones Act employer as a defendant. Brown & Root, Holman Shipping, and Halliburton Logging Services claim the proper Jones Act employer was not named in the plaintiffs' original petition. In determining whether a Jones Act claim has been alleged, the court is limited to a review of the plaintiffs' pleadings. *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494, 498 (5th Cir.1984). On pages 11 and 12 of their state court petition, the plaintiffs assert claims under the Jones Act against "... these Jones Act employers...." Presumably, "these Jones Act employers" refers to the various defendants named in this lawsuit. In addition to naming Brown & Root, Halliburton Logging Services, and Holman Shipping as defendants, the plaintiffs have sued Interocean Steamship Corporation, Interocean C.A., Transportes Marinos De Occidentes, C.A., and Agencia Aduanal Y Maritima Interna-

cional Oceanica C.A. Furthermore, the plaintiffs contend:

> Clearly, either Transportes Marinos De Occidentes C.A. (named as a defendant) or Interocean C.A. (named as a defendant) were the owner of the M/V Diane; that Interocean was the operator of M/V Diane, and thus the direct employer of the crew members; that Interocean is owned by two individuals; Juan Santiago who lives in Venezuela and David Gomez who lives in Houston, Texas.

(Plaintiffs' July 10, 1992, Response to Defendants' filings in opposition to Plaintiffs' Motion to Remand).

In support of the defendants' contention that the plaintiffs have failed to sue the actual Jones Act employer, Halliburton Logging Services attached the affidavit of Juan Santiago to its objections to the magistrate judge's report. Mr. Santiago states that he is the president of "Inter–Ocean Shipping, C.A." and that all of the crew members on board the M/V Diana on the day of the sinking were employees of "Inter–Ocean Shipping, C.A.," which owned the Diana.

■ While the plaintiffs have not named "Inter–Ocean Shipping, C.A." as a defendant, they have named "Interocean C.A." This inadvertent misnomer is not fatal to the plaintiffs' Jones Act claim. The plaintiffs have in good faith sought to correctly name the Jones Act employer, and the omission of the word "Shipping" and the hyphen in "Inter–Ocean" may easily be corrected by amendment. Moreover, Juan Santiago, the president of Inter–Ocean Shipping, C.A., is well aware of this lawsuit and admits in his affidavit that his company was the employer of the M/V Diana crew on the day of the sinking.[1] A Jones Act claim filed in state court may not be removed to federal court. 28 U.S.C. § 1445(a). *Lirette v. N.L. Sperry Sun, Inc.*, 810 F.2d 533, 535 (5th Cir.), *aff'd in relevant part on rehearing en banc*, 820 F.2d 116, 117 (5th Cir.1987).

The court further concludes that even if this misnomer were somehow fatal to their

---

1. On September 23, 1992, Inter–Ocean Shipping C.A. filed a limitations action in this court as owner of the M/V Diana. *In re Inter–Ocean Shipping C.A.*, 1: 92 CV 434.

Jones Act claim, the only remaining claims in the petition are based upon Texas law and Venezuelan law, and would not be removable. The plaintiffs have not alleged and specifically disavow any claim under DOHSA. The defendants' argument that DOHSA so completely pre-empts the plaintiffs' state law wrongful death claims so that such claims are recast as removable DOHSA claims will be addressed below. Additionally, counsel for the defendants agreed at the hearing held by the magistrate judge that complete diversity of citizenship is not present here. Therefore, even without a nonremovable Jones Act claim, remand would nevertheless be required based upon lack of subject matter jurisdiction.

*Nonremovability of a DOHSA Claim*

Halliburton Logging and Holman Shipping object to the magistrate judge's conclusion that a claim pursuant to DOHSA is nonremovable. Before reaching this question, the court observes that the plaintiffs' state court petition does not assert a claim pursuant to DOHSA. Notwithstanding this fact, the defendants contend that the only proper wrongful death claim for the plaintiffs to have asserted is one under DOHSA because the accident and resulting deaths occurred on the high seas beyond the three mile limit of Texas territorial waters. Therefore, according to the defendants, DOHSA pre-empts the plaintiffs' state law claims, which are based upon Texas wrongful death and survival statutes. Finally, in order to prevail on their argument, the defendants must necessarily urge that DOHSA so completely pre-empts the plaintiffs' state law claims that, under the "artful pleading doctrine," the plaintiffs' wrongful death claims are recast as DOHSA claims which are removable to federal court as federal question claims.

■ This court agrees in part with the defendants' assertions. To the extent that they provide remedies that are inconsistent with DOHSA, state wrongful death stat-

utes are pre-empted by DOHSA in cases of deaths occurring at sea beyond the three mile limit for state territorial waters. *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 223–233, 106 S.Ct. 2485, 2494, 2499, 91 L.Ed.2d 174 (1986); *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540 at 1543 n. 2 (5th Cir.1991). Because this accident allegedly occurred approximately 67 nautical miles southeast of Galveston, Texas, DOHSA would pre-empt the application Texas wrongful death and survival statutes. Therefore, in addition to their Jones Act claims, the plaintiffs could have asserted claims under DOHSA in place of their pre-empted state law claims.[2] However, whether, as Judge Hittner explains in *Filho v. Pozos International Drilling Services, Inc.*, 662 F.Supp. 94, 97–98 (S.D.Tex. 1987), DOHSA so completely pre-empts the plaintiffs' state wrongful death claims here so as to recast them as DOHSA claims is another question. Moreover, it is a question that this court need not answer in order to decide this motion to remand.

While the issue of DOHSA removability is unsettled, the undersigned agrees with Judge Hittner in that, even if DOHSA does constitute such a total pre-emption so as to recast the plaintiffs' state law claims as arising under DOHSA, DOHSA claims are not cognizable under this court's removal jurisdiction given the posture of this case. Neither the Supreme Court nor the Fifth Circuit Court of Appeals has specifically ruled on the removability of DOHSA claims. *See In re Medscope Marine Ltd.*, 972 F.2d 107, 110 (5th Cir.1992); *Baris*, 932 F.2d at 1543 n. 3. Notwithstanding the fact that the Fifth Circuit has not confronted the issue directly, that court has indicated in dicta its approval of the *Filho* opinion, which concludes that DOHSA cases are not removable. *Medscope* at 110 n. 17; *Baris* at 1543 n. 3.

DOHSA provides for "... a suit for damages in the district courts of the United

**2.** *Tallentire* makes it clear that both state and federal courts have concurrent jurisdiction over DOHSA claims. *Tallentire* at 477 U.S. 232–33, at 106 S.Ct. 2499. The Court bases this holding on the language of § 7 of DOHSA (46 U.S.C.App.

§ 767), which "... bears a marked similarity to the 'saving to suitors' clause [28 U.S.C. § 1333(1)] that allows litigants to bring *in personam* maritime actions in state court." *Tallentire* at 477 U.S. 222, at 106 S.Ct. 2494.

States, *in admiralty ...*" 46 U.S.C.App. § 761. By comparison, the Jones Act provides for "... an action for damages *at law ...*" 46 U.S.C.App. § 688. (emphasis added). This reference to a "... suit ... in admiralty ..." in DOHSA is important when considered in the context of removal jurisdiction. The Fifth Circuit has stated that "... in federal court (and absent diversity of citizenship), a DOHSA claim can be brought only on the admiralty "side" of the docket." *Baris*, 932 F.2d at 1547.[3]

 Title 28 U.S.C. § 1441(a) permits removal of "... any civil action brought in a state court of which the district courts of the United States have original jurisdiction...." Clearly, this court does have original jurisdiction of admiralty cases. 28 U.S.C. § 1333. However, as pointed out by Judge Jones in the case of *In re Dutile*, 935 F.2d 61 (5th Cir.1992), cases in admiralty do not fall under this court's federal question jurisdiction, and, therefore, may be removed under 28 U.S.C. § 1441(b) only if there is complete diversity of citizenship and the removal is undertaken by non-forum defendants.

> Section 1441(a), however, is prefaced by the phrase, "Except as expressly provided by Act of Congress...." One of these express provisions is found in § 1441(b). The first sentence of that subsection provides that removal of actions "founded on a claim or right arising under the Constitution, treaties or laws of the United States" may proceed without regard to the citizenship of the parties. Emphatically, claims in admiralty, whether designated in rem or in personam, do *not* fall within this category. *See Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378, 79 S.Ct. 468, 483, 3 L.Ed.2d 368 (1959) (finding it "clear that the words of [the 'arising under'] statute do not extend, and could not reasonably be interpreted to extend, to cases of admiralty and maritime jurisdiction"). Thus, admiralty and general maritime claims fall within the category

of "[a]ny other [civil] action" governed by the second sentence of § 1441(b). As such, they are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought."

> The practical effect of these provisions is to prevent the removal of admiralty claims pursuant to § 1441(a) unless there is complete diversity of citizenship (predicated upon out-of-state defendants). We have concluded that admiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship.

*In re Dutile* at 62–63. It is undisputed that complete diversity of citizenship does not exist in this case. Moreover, both Halliburton Logging Services, Inc. and Holman Shipping, Inc. are Texas corporations and, therefore, are forum defendants.

This court concludes from the above analysis that the plaintiffs' motion to remand should be GRANTED based upon a defect in removal procedure. *See Medscope, supra*, at 110. In reaching this decision, the undersigned respectfully disagrees with a contrary holding in *Phillips v. Offshore Logistics*, 785 F.Supp. 1241 (S.D.Tex.1992).

It is, therefore, ORDERED pursuant to 28 U.S.C. § 1447(c) that this action is hereby REMANDED to the state court from which is was removed.

---

**3.** However, see dicta in *Tallentire*, 477 U.S. at 232–33, 106 S.Ct. at 2499 (*Cf. Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 400, n. 14, 90 S.Ct. 1772, 1787, n. 14, 26 L.Ed.2d 339 (1970).

(§ 1 of DOHSA does not place exclusive jurisdiction on the admiralty side of the federal courts for suits under the Act.))