**Jenny TRINH, Individually and as the Administratrix of the Estate of Scott Huy Vo, Plaintiff,**

v.

**YAMAHA BOAT COMPANY, d/b/a Combia Boat Company, C & C Manufacturing Company, d/b/a Cobia Boat Company, Daytona Plastix, Inc., Attwood Corporation, ITT Industries, Inc., d/b/a Rule Industries CoastMarine, Inc., Defendants.**

**No. CV400–148.**

United States District Court,
S.D. Georgia,
Savannah Division.

Nov. 30, 2000.

---

Robert Bartley Turner, R. Scott Kraeuter, Savage, Turner & Pinson, Savannah, GA, William M. Simon, Simon, Booth & Cook, Savannah, GA, for plaintiff.

Ben L. Weinberg, Jr., Weinberg, Wheeler, Hudgins, Gunn & Dial, LLC, Atlanta, GA, for Yamaha Golf-Car Company and C & C Manufacturing Company.

G. Mason White, Brennan, Harris & Rominger LLP, Savannah, GA, for Daytona Plastix, Inc.

R. Stephen Sims, Barrow & Sims, P.C., Savannah, GA, for Attwood Corporation.

Joseph H. Barrow, Barrow & Ballew, P.C., Savannah, GA, for CoastMarine, Inc.

Paul W. Painter, Jr., Ellis, Painter, Ratterree & Bart LLP, Savannah, GA, for Rule Industries, Inc.

### ORDER

MOORE, District Judge.

Before this Court are various motions by both Plaintiff and Defendants. After carefully considering all these motions, the Court **GRANTS** Plaintiff's motion to remand. (Doc. # 2). All other motions are **DISMISSED** as **MOOT.**

### Analysis

1. *Background*

Plaintiff filed her complaint in the State Court of Chatham County, Georgia. Defendants removed the case to this Court, asserting that the case was governed by the Death on the High Seas Act (DOHSA), 46 U.S.C. § 761, et seq., and was thus removable as a federal question under 28 U.S.C. § 1441(b). Plaintiff responded by filing a motion to remand. Plaintiff claimed that the case was not governed by

1. The Court has not, and will not, rule on whether DOHSA is applicable in this case.

2. The DOHSA statute states that:
   "Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any state, or the District of Columbia, or the Territories or

DOHSA, and further asserted that even if the case was governed by DOHSA, it did not present a federal question making it removable from state court. Defendants filed a response, to which Plaintiff has filed a further response.

2. *Plaintiff's Motion to Remand*

The Court finds that even if this case was governed by DOHSA, the case does not present a federal question and is thus not removable under 28 U.S.C. § 1441(b).[1] A DOHSA claim is an admiralty claim, not a federal question, and therefore does not "arise under" laws of the United States for purposes of § 1441(b).

*Admiralty questions v. Federal questions*

The Court finds that DOHSA claims are not removable because, historically, admiralty claims have been held to be distinct from federal questions, and only federal questions are removable to federal court under § 1441(b). *See Romero v. International Terminal Operating Co.,* 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). In the *Romero* case, the Supreme Court held that admiralty claims are separate and distinct from federal questions. *Id.* at 378–79, 79 S.Ct. 468; *see also Marine Coatings of Alabama, Inc. v. United States,* 792 F.2d 1565, 1566 (11th Cir.1986) ("The Supreme Court ... has held that admiralty claims do not arise under the laws of the United States ... and thus are not federal question cases.").

In the case of DOHSA, the statute expressly states that claims brought under the statute are admiralty in nature. *See* 46 U.S.C. § 761 (1982)[2]; *see also In re*

dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, **in admiralty,** for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued." (emphasis added).

*Dearborn Marine Service, Inc.*, 499 F.2d 263, 272 (5th Cir.1974) ("DOHSA has been construed to confer admiralty jurisdiction over claims...."); *Filho v. Pozos Int'l Drilling Services, Inc.*, 662 F.Supp. 94, 100 (S.D.Tex.1987) (noting that because the statute says that a plaintiff "may maintain a suit ... in admiralty" the statute indicates that DOHSA is an admiralty question and not a federal question). Because this law indicates DOHSA claims are admiralty questions, the *Romero* decision mandates that such claims are not federal questions. Therefore, the Court finds that DOHSA claims are not removable under § 1441(b).

The Court is further persuaded that it has reached the right result by observing that the majority of the courts ruling on the issue agree with this Court's reasoning. *See Argandona v. Lloyd's Registry of Shipping*, 804 F.Supp. 326, 327 (S.D.Fla. 1992) ("The Court finds that DOHSA claims do not arise under the 'laws of the United States' for the purposes of sections 1331 and 1441(b)."); *see also Pierpoint v. Barnes*, 892 F.Supp. 60 (D.Conn.1995) (holding that admiralty suits among nondiverse parties was not removable); *Baker v. Bell Helicopter/Textron, Inc.*, 907 F.Supp. 1007, 1010 (N.D.Tex.1995) (holding that DOHSA claims were not removable); *De Bello v. Brown & Root, Inc.*, 809 F.Supp. 482 (E.D.Tex.1992) (same); *Saunee v. Harry's Dive Shop*, 1992 WL 370095, *2 (E.D.La.1992) ("[A] DOHSA claim does not present a federal question."); *Tomlin v. Carson Helicopters*, 700 F.Supp. 248 (E.D.Pa.1988) (same); *Filho*, 662 F.Supp. at 98–100 (S.D.Tex.1987) (same).

However, the Court is aware that two courts have disagreed, finding that DOHSA cases are removable to federal court. *See Phillips v. Offshore Logistics*, 785 F.Supp. 1241 (S.D.Tex.1992) (holding that because the Supreme Court did not say

that DOHSA claims cannot be removed from state court, it must have meant for DOHSA claims to be removable); *Kearney v. Litton Precision Gear*, 1988 WL 383575, 1988 U.S.Dist. LEXIS 16887 (C.D.Cal. March 17, 1988) (same).

The Court declines to follow these two cases, as both fail to examine or even address the *Romero* decision, which contradicts those courts' decisions by holding that admiralty claims are separate and distinct from federal question claims. This failure leads both courts to base their conclusions on an inaccurate reading of the Supreme Court's decision in *Offshore Logistics v. Tallentire*, 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (holding that DOHSA claims preempt state law wrongful death claims). They find that the *Tallentire* court's silence on the issue of whether DOHSA claims are federal questions for the purposes of 1441(b) suggests that DOHSA claims are removable. However, neither the *Phillips* nor the *Kearney* court observe that the *Tallentire* court never expressly overrules or even mentions the *Romero* decision. That the *Tallentire* court did not do so indicates that it was not reversing its decision in *Romero* that admiralty claims are not federal questions. Thus, because the *Phillips* and *Kearney* courts reach their decisions without fully examining the controlling case law, this Court does not find those decisions persuasive.

Because admiralty claims are not federal question claims and are not removable under § 1441(b), this Court is convinced that remand is appropriate in this case.

### Conclusion

For the foregoing reasons, Plaintiff's motion to remand this case to the State Court of Chatham County is **GRANTED.** Because the Court does not have jurisdiction to decide the other motions before it,

The addition of the words "in admiralty" strongly suggest that the statute meant to con-

fer admiralty jurisdiction.

all other motions filed by Plaintiff or Defendants are **DISMISSED** as *MOOT*.