**Noel CORNELIO, et al., Plaintiffs,**

**v.**

**PREMIER PACIFIC SEAFOODS, INC., et al., Defendants.**

**No. C03–1216L.**

United States District Court, W.D. Washington, at Seattle.

Aug. 21, 2003.

---

Bradley H. Bagshaw, Scott Edward Collins, Helsell Fetterman LLP, Seattle, WA, for Plaintiffs.

David Carl Bratz, Legros, Buchanan & Paul, Seattle, WA, for Defendants.

REMAND ORDER

LASNIK, District Judge.

## I. INTRODUCTION

This matter comes before the Court on a motion for remand (Dkt. # 4) filed by plaintiffs Noel Cornelio, *et al.,* (collectively, "Plaintiffs"). The Court grants Plaintiffs' motion for the reasons set forth in this Order.

## II. DISCUSSION

### A. Background.

Plaintiffs brought this action against Phoenix Processor Limited Partnership, a Washington partnership, and Premier Pacific Seafoods, a Washington corporation, (collectively, "Defendants") in King County Superior Court on May 16, 2003. Plaintiffs allege five causes of action: (1) unlawful termination of employment in violation of public policy, (2) failure to provide for the safety and welfare of seamen, (3) violation of the written contract provisions of 46 U.S.C. § 10601, (4) willful depravation of wages in violation of RCW 49.52.050(2), and (5) an accounting pursuant to 46 U.S.C. § 10602.

On May 30, 2003, Defendants removed this action to this Court. Defendants' notice of removal states that "causes of action and/or claims for damages based on 46 U.S.C. §§ 10601, 10602 and 11107[ ] aris[e] ... under federal laws of the United States, state federal questions over which this District Court has original jurisdiction under 28 U.S.C. § 1331[, and therefore] may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441." (Notice of Removal (Dkt. # 1) at 4).

Plaintiffs contend that the causes of action codified in the United States Code are asserted in admiralty and therefore are not subject to removal based upon federal question jurisdiction.

### B. May this Action be Removed on the Basis of Federal Question Jurisdiction?

Federal and state courts possess concurrent jurisdiction for maritime matters pursuant to 28 U.S.C. § 1333(1). The "saving to suitors clause" of that jurisdictional statute "preserves alternatives of suing on the 'law side' of the federal court or in state court, with admiralty and maritime law applied to the claim." *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 390 (3d Cir.2002) (quoting George K. Walker, *Supplemental, Pendent & Ancillary Jurisdiction in Admiralty and Maritime Cases: The ALI Federal Judicial Code Revision Project and Admiralty Practice,* 32 J. Mar. L. & Com. 567, 568 (2001)).

"Historically, admiralty claims have been held to be distinct from federal questions, and only federal questions are removable to federal court under [28 U.S.C.] § 1441(b)." *Trinh v. Yamaha Boat Co.,* 122 F.Supp.2d 1364, 1365

(S.D.Ga.2000). Admiralty law does not "aris[e] under the Constitution, treaties or laws of the United States" for purposes of removal pursuant to 28 U.S.C. § 1441. *Romero v. International Terminal Operating Co.,* 358 U.S. 354, 368, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959). Such "savings clause claims brought in state court are not removable ... absent some other jurisdictional basis, such as diversity or federal question jurisdiction." *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1069 (9th Cir.2001) (citing *Romero,* 358 U.S. at 371, 79 S.Ct. 468). This rule applies even when the applicable admiralty law is codified in the United States Code. *See, e.g., Morris,* 236 F.3d at 1066 (Death on the High Seas Act, 46 U.S.C. app. § 761, *et seq.,* "claims filed in state court are ... non-removable because DOHSA sounds in admiralty."); *Trinh,* 122 F.Supp.2d at 1365 (holding that claim brought under the Death on the High Seas Act does not produce federal question jurisdiction); *Iwag v. Geisel Compania Maritima, S.A.,* 882 F.Supp. 597, 603 (S.D.Tex.1995) ("As a general rule ... Jones Act suits filed in state court may not be removed to federal court.").

Defendants admit that "Plaintiffs might be correct" that this matter would not be removable pursuant to federal question jurisdiction "if this were a traditional seaman's personal injury suit for negligence, unseaworthiness or seamen's benefits of maintenance and cure under the Jones Act ... or general maritime law." (Response at 7). However, Defendants provide no plausible argument that Plaintiffs' 46 U.S.C. § 10601 and § 10602 claims are not admiralty claims. Those statutes contain no express statements that claims brought under them are "in admiralty," as the

Death on the High Seas Act provides. *See Trinh,* 122 F.Supp.2d at 1365 & n. 2 (quoting 46 U.S.C. app. § 761). However, numerous courts have referred to 46 U.S.C. § 10601 and § 10602 claims as "admiralty" claims. *See, e.g., Flores v. American Seafoods Co.,* 335 F.3d 904, 917–18 (9th Cir. 2003) (referring to 46 U.S.C. § 10601 litigation as an "admiralty case"); *Harper v. United States Seafoods, L.P.,* 278 F.3d 971, 972 (9th Cir.2002) (referring to 46 U.S.C. § 10601 as "an admiralty statute"); Order Staying Case Pending Appeal (Dkt. # 47) in *Harper et al. v. United States Seafoods et al.,* C00–1610P (staying litigation during pendency of 28 U.S.C. § 1292(a)(3) appeal, which permits appeal of right from "interlocutory decrees of such district courts or the judges thereof determining the rights and liabilities of the parties to *admiralty* cases in which appeals from final decrees are allowed" (emphasis added)).

■ The Court finds that Plaintiffs' 46 U.S.C. § 10601 and § 10602 claims (and 46 U.S.C. § 11107 remedy) sound in admiralty. Such claims do not arise under the "laws of the United States" for purposes of removal based upon federal question jurisdiction and therefore are not removable pursuant to 28 U.S.C. § 1441(b). Remand to state court pursuant to 28 U.S.C. § 1447(c) is therefore appropriate.[1]

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for remand (Dkt. # 4) is GRANTED. The Court REMANDS this action to King County Superior Court. The Clerk of the Court is directed to transmit a copy of the file to King County Superior Court.

---

1. The Court does not find that Plaintiffs' termination in violation of public policy claim permits this matter to be removed pursuant to the "artful pleading doctrine." Defendants may raise preemption by federal law as a defense to this action. However, because no federal right or immunity appears to be an essential element of Plaintiffs' cause of action, federal question jurisdiction is lacking. *Patrickson v. Dole Food Co.,* 251 F.3d 795, 798–99 (9th Cir.2001).

The Clerk of the Court is also directed to send a copy of this Order to all counsel of record.