Mandell & Wright (Herman Wright), of Houston, Tex., for plaintiff.

Lockhart, Hughes & Watson (Edward W. Watson), of Galveston, Tex., for defendant.

**MOE v. EAGLE OCEAN TRANSP. CO.**
**Civ. A. No. 1151.**

United States District Court
S. D. Texas, Galveston Division.

June 2, 1950.

KENNERLY, Chief Judge.

This suit, brought under the Jones Act, Section 688, Title 46 U.S.C.A., in a State Court, has been removed into this Court. Plaintiff moves to remand. Defendant, in a very able brief, insists that under the Judicial Code of September 1, 1948 (Title 28) a suit under the Jones Act may now be removed into this Court. It insists that Gutierrez v. Pacific Tankers, Inc., D.C., 81 F.Supp. 278, was not correctly decided.

With this, I cannot agree. A careful reading of Section 688 [1] convinces

1. Section 688 is as follows (italics mine): "Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action *all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply;* and in

me that even with the change of wording of the old Section 71 of Title 28, U.S.C.A., which defendant points out,[2] and notwithstanding the wording of Section 1441 of the Judicial Code,[3] suits filed in a State Court under the Jones Act are not removable to a United States District Court. Section 688 confers upon seamen et al. the *same* rights and *all* the rights enjoyed by persons suing a railroad, its receivers or trustees, i. e., the right to sue in a State Court, and such suit is not removable.

There is nothing to indicate that the Congress, by changing the wording pointed out, meant to change the well-settled rule with respect to removal from State Courts to the Federal Courts of suits under the Jones Act.

Plaintiff's Motion to Remand is granted. Let proper Order be drawn and presented.

case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law with the right of trial by jury, and in such action *all statutes of the United States conferring or regulating the right of action for death in the case of railway employees shall be applicable.* Jurisdiction in such actions shall be under the court of the district in which the defendant employer resides or in which his principal office is located."

2. The former wording of Section 71, Title 28 U.S.C.A., is as follows: "No case arising under sections 51 to 59 of Title 45, and brought in any State court of competent jurisdiction shall be removed to any court of the United States."

The wording of the Amended Act (Section 1445, Title 28, Act of September 1, 1948), is as follows: "A civil action in any State court against a railroad or its receivers or trustees, arising under sections 51–60 of Title 45, may not be removed to any district court of the United States."

3. Such Section reads as follows: "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."