### BAKER v. TEXAS EMPLOYERS INS. ASS'N et al.

### Civil Action No. 1508.

United States District Court
N. D. Texas, Amarillo Division.

Oct. 24, 1952.

Merchant & Fitzjarrald, Amarillo, Tex., for plaintiff.

Underwood, Wilson, Sutton, Heare & Boyce, Amarillo, Tex., for defendant, Texas Employers Ins. Ass'n.

Strasburger, Price, Holland, Kelton & Miller, Dallas, Tex., for defendant, Employers Mutual Liability Ins. Co. of Wisconsin.

DOOLEY, District Judge.

This suit was filed in a State court by the plaintiff Baker, a citizen of Texas, against the defendants Texas Employers Insurance Association, a corporate citizen of Texas, and Employers Mutual Liability Insurance Company of Wisconsin, a corporate citizen of Wisconsin, to recover compensation for personal injuries sustained while at work either for an employer insured by the first named defendant or else for an employer insured by the second named defendant, and sought judgment in the alternative against the one or the other of the said defendants. The foreign corporate defendant removed the case to this court. The domestic corporate defendant has filed a motion to dismiss for lack of jurisdiction.

Obviously the case was not removable unless the removing defendant has been sued on "a separate and independent claim or cause of action" as required by U.S.C.A., Title 28, § 1441(c). The plaintiff's claim or cause of action is referable to his alleged compensable injuries. It is clearly a single cause of action. He does not demand in any event several nor any kind of co-existing judgments against the respective defendants. On the contrary it is evident he can recover if at all only against one of the

defendants. A recovery against either one of them necessarily precludes any recovery against the other defendant. In Texas Employers Insurance Association v. Felt, 5 Cir., 150 F.2d 227, 160 A.L.R. 931, a like suit against several compensation insurers alternatively, the court held that the plaintiff stated only one cause of action, but did raise a separable controversy with the nonresident defendant and that the case was removable by that defendant. The "separable controversy" formula, however, has now been obsolete since the 1948 amendment reflected in the above cited removal statute. American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. The law of removal jurisdiction in diversity cases is in a period of restatement. A stricter rule has come to the front. In the light of that policy it must be held that the present suit was improvidently removed, just as likewise decided in the essentially similar case of Chason Bros. Inc. v. Insurance Company of North America, D.C., 102 F.Supp. 803.

The pending motion is for dismissal, but that would be unjustified and instead the case will be remanded to the State court.