## CRESPO
### v.
### PACIFIC–ATLANTIC S. S. CO. et al.

United States District Court
S. D. New York.
Nov. 16, 1953.

1. D.C.N.Y., 107 F.Supp. 218, 219.

4. 28 C.F.R. §§ 2.6 and 2.9.

5. 28 C.F.R. § 2.13.

6. 18 U.S.C.A. § 4201.

Emanuel Friedman, New York City, for plaintiff.

Garvey & Conway, New York City, for defendant Jarka Corp.

SUGARMAN, District Judge.

On August 4, 1953, plaintiff commenced an action in the City Court of the City of New York, County of New York, by service of a summons on defendant The Jarka Corporation (Jarka). Thereafter, and on or prior to August 11, 1953, (the precise date is undisclosed in the motion papers) service of the City Court summons was effected upon the defendant Pacific-Atlantic Steamship Co. (P-A). The complaint, which accompanied each summons, stated a cause of action by plaintiff, a seaman employed as an oiler aboard the Elmer A. Sperry, a merchant vessel managed, operated and controlled by P-A, against said P-A and against Jarka, for injuries allegedly sustained while working upon one of the vessel's winches, while same was being used by Jarka in performance of stevedoring work on the vessel. The complaint recites that the suit is brought under the Jones Act,[1] that P-A maintained an unseaworthy vessel and that both defendants were negligent.

Before either defendant appeared or answered in that suit, Jarka, alone, on August 11, 1953 removed the action to this court.[2] Plaintiff now moves for remand.[3] The propriety of the removal must be determined upon the status of the City Court suit on the day of removal, August 11, 1953, the defendants' time to appear or answer in that action having not then expired. The motion papers disclose that plaintiff was a resident of New York County and that Jarka and P-A were Delaware corporations.

Plaintiff's choice of forum should not have been disturbed,[4] even though he pleaded unseaworthiness against P-A,[5] unless his claim against P-A is shown to have been separate and independent[6] from his claim against Jarka.

The concurrent negligence of both defendants, pleaded by plaintiff, shows his claim to have been single.[7]

The cause, having been improvidently removed to this court, plaintiff's motion to remand it to the City Court of the City of New York, County of New York, is granted.

Settle order.

1. 46 U.S.C.A. § 688.

2. 28 U.S.C.A. § 1446.

3. 28 U.S.C.A. § 1447.

4. Moe v. Eagle Ocean Transp. Co., D.C. Tex, 91 F.Supp. 910.

5. Pate v. Standard Dredging Corp., 5 Cir., 193 F.2d 498.

6. 28 U.S.C.A. § 1441(c).

7. Baker v. Texas Employers Ins. Ass'n, D. C.Tex., 109 F.Supp. 93.