David **PRESTON**, Appellant,

v.

**GRANT ADVERTISING, INC.**, Appellee.

No. 23286.

United States Court of Appeals
Fifth Circuit.

March 14, 1967.

---

**440**

Arthur Roth, Saul J. Cooper, Miami, Fla., for appellant.

Richard M. Leslie, Cotton Howell, Miami, Fla., Shutts & Bowen, Miami, Fla., for appellee.

Before WISDOM, BELL, and GODBOLD, Circuit Judges.

PER CURIAM.

May 6, 1963, the plaintiff brought this action in the Florida state courts, seeking damages for injuries sustained while on board a yacht in Nassau Bay. April 12, 1965, almost two years later, the defendant filed a petition for removal of the case to the federal courts. The plaintiff moved to remand the case to the Florida courts "on the ground that the Defendant's Petition for Removal is defective and not timely filed". The district court denied this motion. May 24, 1965, the plaintiff filed a second motion to remand, alleging for the first time that the cause was "predicated on the Jones Act, 46 U.S.C.A. § 688", and therefore non-removable. The court denied this motion, and the case went to trial. After a hearing the defendant moved for a directed verdict. The court granted the motion. The plaintiff appeals.

■ We affirm the court below. The plaintiff correctly asserts that actions under the Jones Act are non-removable [1] and that, in the absence of any issue of a fraudulent attempt to evade removal, the court determining whether a cause of action under the Jones Act has been alleged is limited to a review of the plaintiff's pleadings.[2] We find that the complaint fails to allege sufficient facts to support a cause of action under the

1. Pate v. Standard Dredging Corp., 5 Cir. 1952, 193 F.2d 498, 500; Marshall v. Navco, Inc., S.D.Tex.1957, 152 F.Supp. 50; McKee v. Merritt-Chapman & Scott Corp., N.D.Ill.1956, 144 F.Supp. 423; Crespo v. Pacific-Atlantic S.S. Co., S.D. N.Y.1953, 117 F.Supp. 504; Moe v. Eagle Ocean Transp. Co., S.D.Tex.1950, 91 F. Supp. 910; Moltke v. Intercontinental Shipping Corp., S.D.N.Y.1949, 86 F.Supp. 662, 663; Greene v. United Fruit Co., S.D.N.Y.1949, 85 F.Supp. 81; Gutierrez v. Pacific Tankers, S.D.Tex.1948, 81 F. Supp. 278, 279.

2. The following cases all concern suits brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–60. They are made applicable by the Jones Act, 46 U.S.C.A. § 688 which incorporates "all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees." Great Northern R. Co. v. Alexander, 1918, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713; Southern R. Co. v. Lloyd, 1916, 239 U.S. 496, 36 S.Ct. 210, 60 L.Ed. 402; Porter v. St. Louis-San Francisco R. Co., 5 Cir. 1966, 354 F.2d

Jones Act. See Rotolo v. Halliburton Co., 5 Cir. 1963, 317 F.2d 9, cert. denied 375 U.S. 852, 84 S.Ct. 111, 11 L.Ed.2d 79; Thibodeaux v. J. Ray McDermott & Co., 5 Cir. 1960, 276 F.2d 42. The mere allegation in the motion to remand that the "cause is predicated on the Jones Act" is not enough to require the district court to remand the case to the state court where the action was originally brought.

We find further that the evidence in this case is insufficient to support recovery under any theory the plaintiff advances, and we affirm the order of the court below directing a verdict for the defendant.

Judgment is affirmed.

840; Chacon v. Atchison, Topeka & Santa Fe R. Co., 10 Cir. 1963, 320 F.2d 331; Boyle v. Chicago, R. I. & P. R. Co., 8 Cir. 1930, 42 F.2d 633; Emery v. Chicago, B. & Q. R. Co., S.D.Iowa 1954, 119

F.Supp. 654; Summers v. Louisville & N. R. Co., E.D.Ky.1933, 4 F.Supp. 410; Givens v. Wight, N.D.Tex.1918, 247 F. 233, 235; Flas v. Illinois Central R. Co., D.Nebr.1916, 229 F. 319.