**Conrad A. SIMON**

v.

**M/V LADY FORTUNE, et al.**

**Civ. A. No. 86–333–B.**

United States District Court,
M.D. Louisiana.

Sept. 26, 1986.

Robert R. Faucheux, Jr., Reserve, La., Randy P. Roussel, Baton Rouge, La., for plaintiff.

Michael J. Vondenstein, Metairie, La., for defendants.

POLOZOLA, District Judge.

The plaintiff, Conrad A. Simon, originally filed this suit in the Twenty Third Judicial District Court for the Parish of Ascension alleging claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, 43 U.S. § 1331, 46 U.S.C. § 740, general maritime law and Louisiana Civil Code articles 2315 and 2322. Defendants timely removed the suit to this Court. Thereafter, plaintiff filed a motion to remand this suit to the state court. No oral argument is required on this motion. For reasons which follow, plaintiff's motion to remand is denied.

In its motion to remand, plaintiff contends that the "saving to suitors" clause of 28 U.S.C. § 1333 permits seamen to pursue recovery of Jones Act claims, 46 U.S.C. § 688, in state court and that such suits are not removable. *Preston v. Grant Advertising, Inc.,* 375 F.2d 439, 440 (5th Cir. 1967). Plaintiff contends that he has stated a claim under the Jones Act.

The defendants deny that plaintiff has asserted a claim under the Jones Act. De-

fendants contend that the petition filed by the plaintiff in state court alleges that plaintiff's injury was caused by the negligence of the vessel and its crew. Defendants also assert that the plaintiff's claim is in the nature of an "in rem" proceeding which is not a proper remedy under the "saving to suitors" clause of 28 U.S.C. § 1333. *Madruga v. Superior Court of California,* 346 U.S. 556, 560, 74 S.Ct. 298, 301, 98 L.Ed. 290 (1954).

Subsequent to the filing of the motion to remand and before the Court's ruling, plaintiff was granted leave to amend his complaint. In the amended complaint plaintiff adds the statutory citation for the Jones Act, 46 U.S.C. § 688, in paragraph I of the original complaint, wherein the jurisdictional basis for the suit is alleged. Paragraphs V and VI were amended adding Reward Maritime, Inc. as owner of the vessel and Wallem Ship Management, Ltd. as manager of the vessel. Paragraph VIII–A was added to include allegations of unseaworthiness as to the vessel and its alleged owner and management.

In a reply memorandum filed with the Court plaintiff asserts that as a result of the amendment, the case should be remanded back to state court. *Dufrene v. M/V Venture,* No. 85–1422 (E.D.La. Nov. 18, 1985) (Available on WESTLAW, DCTU database).

The defendants in a supplemental memorandum argue that the amended complaint should not be considered by the Court in deciding plaintiffs' motion to remand. Defendants contend that the right to removal is determined as of the date the petition for removal is filed and that removability depends upon the case as disclosed by the pleadings at that time. *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 291, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938). In addition, defendants contend that a plaintiff cannot take action to defeat federal jurisdiction and force remand after the case has been properly removed. *Alexander v. Lancaster,* 330 F.Supp. 341, 344 (W.D.La.1971). Alternatively, the defendants argue that even if the Court considers the amended complaint, the case should not be remanded to state court.

■ The Court finds it unnecessary to determine whether the amended complaint should be considered in deciding this motion to remand. The Court finds that after careful examination of both the original and amended complaints, that plaintiff has failed to state a claim under the Jones Act.

■ In determining whether a Jones Act claim has been alleged, the Court is limited to a review of the plaintiff's pleadings. *Preston,* 375 F.2d at 440.

In *Addison v. Gulf Coast Contracting Services, Inc.,* 744 F.2d 494, 498 (5th Cir. 1984), the Fifth Circuit, after considering an amended complaint which asserted a claim under 46 U.S.C. § 688, refused to order a remand citing *Preston,* 375 F.2d at 440. The Court stated: "[t]his conclusory assertion presumably invokes the Jones Act; however, remand is not required where the complaint failed to allege sufficient facts to support a cause of action under the Jones Act." The court further held that an employer-employee relationship is a necessary element of a Jones Act claim. Therefore, the Fifth Circuit held that the plaintiff was required to allege such relationship in order to properly assert a claim under the Jones Act. *Addison,* 744 F.2d at 498.

A careful examination of both the original and amended complaints reveals that while plaintiff alleges that he was injured while "working in the scope of his employment aboard the M/V Lady Fortune", he does not identify his employer at the time of the alleged accident or allege an employment relationship, which is a necessary element of a Jones Act claim. The plaintiff also fails to allege seaman status aboard the M/V Lady Fortune.

In summary, the Court finds that the plaintiff, Conrad A. Simon, has failed to allege sufficient facts to establish a claim under the Jones Act. It follows that plaintiff's motion to remand on the grounds that the "saving to suitors" clause of 28 U.S.C. § 1333 permits seamen to pursue recovery

on Jones Act claims in state court must be denied.

Therefore:

IT IS ORDERED that the motion of Conrad A. Simon to remand be and it is hereby DENIED.