**Dean George HOPPER**

v.

**FORD MOTOR COMPANY LTD., et al.**

Civ. A. No. G–93–310.

United States District Court,
S.D. Texas,
Galveston Division.

Nov. 19, 1993.

Francis I. Spagnoletti, Spagnoletti & Assoc., Houston, TX, for plaintiff.

Thomas E. Fennell, Eric John Frederick Redwine, Jones Day Reavis & Pogue, Dallas, TX, for defendants.

## ORDER OF DISMISSAL

KENT, District Judge.

Before the Court are several motions filed by both the Plaintiff and the Defendants. Defendants Ford Motor Company Ltd. and Ford–Werke AG have moved to dismiss for lack of personal jurisdiction and, along with Defendant Ford Motor Company, have moved to dismiss for forum non conveniens and to determine applicable law. Plaintiff Dean George Hopper has moved to remand the case, twice moved for an expedited hearing on the remand motion, and requested leave to file an untimely and wholly belated response to the Defendants' motions.

For the reasons stated below, the Defendants' motions to dismiss for lack of personal jurisdiction and for forum non conveniens are GRANTED. This moots the Defendants' motion to determine applicable law. The Plaintiff's remand motion, motions for expedited hearings, and request for leave to file an untimely and belated response are DENIED.

This is a product-liability action to recover for injuries the Plaintiff sustained in an accident in the United Kingdom in a Ford car. The car itself has no connections to the United States; it was designed, manufactured, marketed, and sold in Europe.

This case has a rather involved procedural history. The Plaintiff instituted this action in the 23rd Judicial District of Brazoria County, Texas. The Defendants removed the action on May 25, 1993, to this Court on diversity grounds. On June 24, the Plaintiff moved to remand this action because no diversity jurisdiction existed since he is an alien plaintiff suing several alien defendants. The Plaintiff claims that the American, cor-

porate defendant, Defendant Ford Motor Company, a U.S. citizen, is the alter ego of its European subsidiaries and, thus, should be treated as an alien. The Plaintiff then contends that the Court should rule on the remand motion before considering any motions to dismiss by any defendants.

On June 25, Defendants Ford Motor Company Ltd. (European), Ford–Werke AG (European), Ford of Europe Inc. (incorporated in Delaware with its principal place of business in the United Kingdom), and Ford International Services (incorporated in Delaware with its principal place of business in Michigan) (all defendants collectively called "the First–Moving Defendants") moved to dismiss the action because this Court lacks personal jurisdiction over them.

On July 13, the Plaintiff filed an ostensible response to the Defendants' motion; however, all of the Plaintiff's arguments concerned why this Court should consider the Plaintiff's remand motion before considering the Defendants' motions. The Plaintiff also requested time to conduct discovery concerning the jurisdictional issues. On July 16, the Court granted the Plaintiff 90 days to conduct discovery and file a response to the First–Moving Defendants' motion to dismiss. The deadline was October 14, 1993.

On July 23, the remaining defendants, save one (Ford Motor Company), filed Rule 12 motions. Those defendants are Ford Versorgungs– und Unterstuetzungseinrichtung GmbH, Ford Investitions GmbH & Co. oHG, Ford Verischerungs–Vermittlungs–GmbH, Ford–Werke AG & Co. KG, and Ford Motor Co. KG (all European entities).[1] On this same day, all of the Defendants moved to determine applicable law and to dismiss for forum non conveniens. The parties agreed that the Plaintiff could file his answer to

these motions by the October 14 deadline allowed for the previous dismissal motions.

In the meantime, the Plaintiff twice requested an expedited, oral hearing on his remand motion.

■ On October 22, the parties filed a stipulation dismissing without prejudice all defendants except Ford Motor Company Ltd. (European), Ford–Werke AG (European), and Ford Motor Company (incorporated in Delaware with its principal place of business in Michigan).[2] On November 2, over two weeks late, the Plaintiff requested leave to file his response to Defendants' motions to dismiss.

The Plaintiff's request for leave is emphatically DENIED. The Court finds the Plaintiff's conduct in responding to the Defendants' motions deplorable and disgraceful. The Plaintiff makes his request over two weeks past a Court-ordered deadline which was gratuitously extended *90* days. Moreover, the Plaintiff did not even attempt to show good cause why the Court should grant the leave or even why he failed to respond within the prescribed time.

Moreover, the Court reprimands the Plaintiff for his audacity in repeatedly requesting expedited, remand hearings during the extended discovery period and then inexplicably missing the extended deadline for his response. Instead of desperately seeking remand, the Plaintiff should have been conducting discovery and formulating responses to the Defendants' motions.

Furthermore, these requests were made in light of this Court's opinion in *Villar v. Crowley Maritime Corp.,* 780 F.Supp. 1467 (S.D.Tex.1992), *aff'd,* 990 F.2d 1489 (5th Cir. 1993) which the Plaintiff even cited in his

---

1. One of these Second–Moving Defendants is an European pension fund, another is an European insurance agency, and another is an European dealer development company. The Court finds the addition of these alien and irrelevant defendants an abuse of process and disgraceful to the American judicial system and to those who strive to maintain its integrity. The Court finds the addition of these defendants merely indicative of the Plaintiff's desperation to defeat the jurisdiction of this Court and highly probative of the Defendants' claims of fraudulent joinder.

2. These are the Defendants that the Plaintiff maintains are remaining. By the Court's count, Ford–Werke AG & Co. KG is also a remaining defendant. But, considering the disposition of this matter and the bases for it, this apparent conflict is of no moment. Ford–Werke AG & Co. will be dismissed on the same grounds as Ford–Werke AG and Ford Motor Company Ltd.

remand brief. In *Villar*, this Court held that when a plaintiff alleges that diversity does not exist because the suit is between aliens and when defendants remove the action to federal court because the alien defendants were fraudulently joined, a district court can consider the defendants' dismissal motions before considering the plaintiff's remand motion.[3]

For all of these reasons, the Plaintiff's request for leave to file a response to the Defendants' motions to dismiss and the Plaintiff's motions for expedited, remand hearings are DENIED.

Because the Plaintiff has filed no other timely responses to the Defendants' motions to dismiss, those motions will be treated as unopposed under Local Rule 6(E). The motions could be granted solely on those grounds, but they need not be because they are substantively valid, even in light of the Plaintiff's purported response. For both of these reasons, the Court will GRANT the Defendants' motions to dismiss.

The remaining defendants in this action are Ford Motor Company Ltd. (Ford Britain), Ford–Werke AG (Ford Germany), and Ford Motor Company (Ford). Ford Britain and Ford Germany, the Codefendants, are aliens and subsidiaries of Ford. The Plaintiff alleges that Ford is the alter ego of the Codefendants and provides sufficient contacts with Texas to allow the Court to exercise personal jurisdiction over the Codefendants. The Plaintiff also alleges that this Court lacks diversity jurisdiction because he is suing three aliens. Ford is an alien because its alter ego relationship with the Co-defendants requires that it be treated as such.[4]

■ The Plaintiff never alleges that Ford Britain and Ford Germany have any contacts with Texas. The Plaintiff's apparent sole basis for personal jurisdiction over the Codefendants is their alter ego status with Ford.

At the outset, Plaintiff['s] arguments raise two troubling points. First, in the typical "alter ego" case, the plaintiff files suit against a subsidiary corporation in a forum in which the subsidiary is subject to personal jurisdiction. The plaintiff then attempts to assert personal jurisdiction over the parent corporation, which would otherwise not be subject to personal jurisdiction in that forum, on the grounds that the subsidiary is the "alter ego" of the parent. The instant case, however, is one step removed.

*Villar*, 780 F.Supp. at 1475. Basically, the Plaintiff asserts a direct cause of action for product liability against Ford Britain and Ford Germany, the designers, manufacturers, marketers, and sellers of the Plaintiff's car. The Plaintiff has filed suit against their majority owner, Ford, which has no connections to the car but is an American citizen doing business in the United States, seeking to hail the Codefendants into this Court.[5]

More disturbing is the fact that Plaintiff['s] jurisdictional arguments are entirely circular. On the one hand, Plaintiff[ ] urge[s] the Court to disregard the Codefendants' corporate status and look only to [Ford's] amenability to personal jurisdic-

---

3. In his remand brief, Plaintiff states that his case is inapposite from *Villar* and, thus, his remand motion should be considered before Defendants' dismissal motions. Plaintiff distinguishes his case from *Villar* by stating that the plaintiff in *Villar* had adequate time to conduct discovery on the jurisdictional issues. This Court granted the Plaintiff time to conduct discovery but he continued to cite *Villar* as inapposite to his case in requesting remand hearings. The Court admonishes Plaintiff for continuing to desperately urge this Court to hear his remand arguments before Defendants' motions in light of *Villar*. Moreover, the Fifth Circuit stated, in affirming *Villar*, that district courts have had the power to rule on motions to dismiss for lack of personal jurisdiction before motions to remand since *1964*. *Villar*, 990 F.2d at 1494. The Court admonishes

Plaintiff to *read* the opinions it cites, especially opinions written by this Court and Fifth Circuit opinions affirming this Court's decisions. The Court can only surmise that these desperate actions by the Plaintiff are telling of his purposeful, fraudulent joinder of the alien defendants.

4. For the same reasons stated in *Villar*, the Court will consider the Codefendants' motion to dismiss for lack of personal jurisdiction before considering Plaintiff's motion to remand. *Villar*, 780 F.Supp. at 1472–74; *see also Villar*, 990 F.2d at 1494.

5. The Court expresses no view regarding the appropriateness of basing personal jurisdiction of subsidiaries on the contacts of the parent.

tion. On the other hand, Plaintiff[ ] argue[s] that the Court should recognize the Codefendants as separate, alien corporations for purposes of determining subject matter jurisdiction.

*Villar,* 780 F.Supp. at 1475.

These absurd arguments are patently obvious in the instant case. The Plaintiff argues in his response to the Defendants' dismissal motion on personal jurisdiction grounds that Ford is the alter ego of the Codefendants; thus, "Ford Britain and Ford Germany acquire the citizenship of Ford." On the other hand, the Plaintiff argues in his remand motion that his "alter ego allegations as to [Ford] require treating that entity as a citizen of the United Kingdom and Germany, the citizenships of its alter ego subsidiaries."

> As in *Villar,*
>
> This argument is patently silly and exceeds the bounds of zealous advocacy. Either the Codefendants are the "alter egos" of [Ford] or they are not. They cannot be considered "alter egos" for some purposes and separate corporate entities for others merely to suit the ends of Plaintiff[ ].

*Villar,* 780 F.Supp. at 1475–76 (citations omitted).

> Leaving these deficiencies aside, however, it is clear that Plaintiff['s] arguments as to the "alter ego" issue are without merit. First, it is well settled that "the mere existence of a parent-subsidiary relationship will not support the assertion of jurisdiction over a foreign parent...." Indeed, it is clear that ["] [p]roof of an identity of shareholders or of corporate directors and officers, or of domination by the parent of its subsidiary's affairs, will not justify treatment of the two as one business unit. Nor does the parent's ownership of 100 percent of the subsidiary's stock alone defeat their separate existence.["] Rather, the party alleging the existence of personal jurisdiction must demonstrate that "the parent so dominates the subsidiary that 'they do not in reality constitute separate and distinct corporate entities.'"

*Villar,* 780 F.Supp. at 1476 (citations omitted) (quoting *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359, 1363 (5th Cir.1990) (first and third quotation) and *Hargrave v. Fibreboard,* 710 F.2d 1154, 1162 (5th Cir.1983) (second quotation)).

The Plaintiff's only basis for his alter ego theory is that (1) Ford owns a majority of the stock of both Ford Britain and Ford Germany, (2) the Defendants coordinate and cooperate and regularly share financial and operating information, and (3) the Defendants have a few overlapping officers and directors. These facts alone cannot support a prima facie showing of alter ego status between the Defendants. *See Canon Mfg. Co. v. Cudahy Packing Co.,* 267 U.S. 333, 335–37, 45 S.Ct. 250, 251–52, 69 L.Ed. 634 (1925); *Dalton,* 897 F.2d at 1363; *Hargrave,* 710 F.2d at 1160–61.

Consequently, because this Court cannot assert personal jurisdiction over Ford Germany or Ford Britain, they are DISMISSED. Moreover, because Ford is the sole remaining defendant and is not the alter ego of Ford Britain or Ford Germany, diversity jurisdiction exists. Thus, the Plaintiff's motion for remand is DENIED.

■ Defendant Ford moves to dismiss this action for forum non conveniens. This motion is truly unopposed because even the Plaintiff's purported response does not address this issue. Even though the Court could grant the motion solely on this ground, it need not because the motion is substantively valid.

> Before dismissing a case for forum non conveniens, a court must first determine whether an adequate foreign forum exists. An adequate forum is one in which all parties are subject to jurisdiction, the entire case can be heard, and all parties will be treated fairly.

*Villar,* 780 F.Supp. at 1467. In the instant case, the United Kingdom or Germany would provide an adequate forum. Both Ford Britain and Ford Germany would be subject to jurisdiction in those forums, the entire case can be heard in either forum, and the Court has no reason to believe that the Plaintiff or the Defendants would not be treated fairly in either of these countries.

If an adequate forum is available, a district court must then balance the public and pri-

vate factors outlined by the Supreme Court in *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). The private factors include:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.

*Id.* at 508, 67 S.Ct. at 843.

> The relevant public factors include the administrative difficulties caused by crowded dockets, the burden of imposing jury duty on citizens of a forum with no relation to the dispute, the local interest in having localized controversies decided in that locality, and the appropriateness of deciding diversity cases in the forum whose law provides the substantive rules of decision.

*Villar,* 780 F.Supp. at 1484–85.

After a careful review of the record, the Court is convinced that this case should not be tried in Texas or even in the United States. First, the private factors indicate that the action should be dismissed. The Plaintiff's accident occurred in the United Kingdom in a European car that was designed, tested, manufactured, marketed, and sold in Europe by Ford Britain and Ford Germany. Although the model of the car is a Ford Escort, it is a European Ford Escort which is not the same as an American Ford Escort. The Defendants state, and the Plaintiff does not disagree, that the European Escorts were designed differently than and independently from the American Escorts. Moreover, these models are manufactured, marketed, and sold by different entities.[6]

All relevant sources of proof of the Plaintiff's allegations are located in the United Kingdom or Germany. Moreover, neither Ford nor this Court would have the authority to direct or compel the production of documents or witnesses to testify in Texas or anywhere else. This includes witnesses that have knowledge regarding the design, manufacturing, marketing, or selling of European Escorts, witnesses that have knowledge regarding the Plaintiff's injuries, and all corresponding and other relevant documentary evidence.

Moreover, if the action remained in this Court, all of the parties would spend large amounts of time and money in preparing for and attending a trial in Texas, especially in light of the typical duration and complexity of product liability cases of this type.

Second, the Court finds that none of the public factors provide a basis for this Court to entertain this litigation. Central to this determination is superior British or German local interest in resolving possible product-defect controversies in their jurisdictions. Moreover, in all likelihood, British or German law will govern the suit. This Court also cannot, in good conscience, request Texas citizens to determine if the European Ford Escort is defective when it is not on sale in the United States and is no threat to American citizens in this country.

For these reasons, the Defendants' motion to dismiss for forum non conveniens is GRANTED.

In conclusion, the Defendants' motions to dismiss for lack of personal jurisdiction and for forum non conveniens are GRANTED. The Plaintiff's remand motion, motions for expedited hearings, and request for leave to file a response to the Defendants' motions are DENIED. All above mentioned defendants are DISMISSED WITH PREJUDICE.

The parties are ORDERED to file nothing further in this Court regarding this matter. ALL FURTHER RELIEF shall be sought from the Court of Appeals for the Fifth Circuit, as appropriate. The parties shall each bear their own costs incurred herein to date.

IT IS SO ORDERED.

---

**6.** The facts also indicate that Ford is not a proper defendant in this action because it cannot be held liable for Plaintiff's injuries since it has no connections with Plaintiff's car. Thus, Ford is probably entitled to a dismissal on those grounds as well.

### *FINAL JUDGEMENT*

For the reasons set forth in the Court's Order granting Defendants' motions to dismiss for lack of personal jurisdiction and forum non conveniens, the Court DISMISSES Defendants Ford Motor Company Ltd., Ford–Werke AG, Ford of Europe Inc., Ford International Services, Ford Motor Company, Ford Versorgungs- und Unterstuetzungseinrichtung GmbH, Ford Investitions GmbH & Co. oHG, Ford Verischerungs–Vermittlungs–GmbH, Ford–Werke AG & Co. KG, and Ford Motor Co. KG from this case WITH PREJUDICE. Each party shall bear his or its own taxable costs and expenses incurred herein to date.

As to all above named defendants, THIS IS A FINAL JUDGMENT.