Robert P. IWAG, et al., Plaintiffs,

v.

GEISEL COMPANIA MARITIMA, S.A., et al., Defendants.

Civ. A. No. H–94–0541.

United States District Court, S.D. Texas, Houston Division.

March 29, 1995.

598

William Raymond Neal, Houston, TX, for plaintiffs.

Mark Cohen, Royston, Rayzor, Vickery & Williams, Houston, TX, for defendants.

## ORDER

GILMORE, District Judge.

Pending before the Court are numerous motions filed by both parties, including Plaintiffs' Motion to Remand and Defendants' Motion for Early Consideration of Defendants' Motion to Dismiss *Forum Non Conveniens* and Motion to Dismiss for Want of Personal Jurisdiction. For the reasons set forth below, the Court concludes that it lacks removal jurisdiction over the subject matter of this action and therefore orders that it be remanded to state court.

### I.

Robert Iwag and seven other seamen bring this action alleging *inter alia* that they suffered injuries following exposure to a hazardous cargo of liquid benzene located on board the vessel M/T *Panam Querida* ("the vessel"), in Montreal, Canada on December 14, 1993. The following persons and entities are named as defendants in this action: Eisenberg Maritime, S.A., a Panamanian corporation based in Japan and owner of the Panamanian-flagged vessel; Geisel Compania Maritima, S.A., the Panamanian manning agent of the vessel; and Kim Su–Un, the captain of the vessel and a Korean citizen. Following the alleged exposure, the plaintiffs continued to work aboard the vessel as it sailed from Canada to New York and Philadelphia, where the cargo was unloaded in January 1994. The vessel then sailed to Houston, where the plaintiffs left the vessel and demanded repatriation to the Republic of the Philippines.

Plaintiffs filed this action on January 26, 1994, in Texas state court, seeking relief under the Jones Act, 46 U.S.C.App. §§ 688 *et*

*seq.,* and the General Maritime Law Doctrines of Unseaworthiness and Maintenance and Cure pursuant to the Saving to Suitors Clause, 28 U.S.C. § 1333. The petition also includes numerous state law claims. Plaintiffs seek compensatory damages, including the remainder of contract wages, pain and suffering, as well as punitive damages.

Defendants filed a notice of removal, claiming that the plaintiffs' petition stated a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68 (1982 & Supp. IV 1986), and thereby presented grounds for federal jurisdiction. Defendants also filed a Supplementary Notice of Removal six months later. Defendants have also filed motions to dismiss for *forum non conveniens* and for want of personal jurisdiction, which they request that this Court decide before ruling on the motion to remand.[1]

## II.

The Court first addresses the timeliness of the Supplementary Notice of Removal. Defendants were served on or about January 26, 1994. The original removal notice was filed on February 21, 1994. The Supplementary Notice of Removal was filed on October 5, 1994. Plaintiffs have not objected to the filing of the second notice.

■■■ A petition for removal of a civil action must be filed within thirty days after the defendant has received a copy of the initial pleading setting forth the claim for relief upon which the action is based. 28 U.S.C. § 1446(b). A defendant may freely amend the notice of removal within the thirty day· period dictated by § 1446(b). *Holt v. Lockheed Support Systems, Inc.,* 835 F.Supp. 325, 327 (W.D.La.1993); *Moody v. Commercial Insurance Co.,* 753 F.Supp. 198, 201 (N.D.Tex.1990). The power to amend pleadings to show jurisdiction is controlled by 28 U.S.C. § 1653. Section 1653 does not allow the removing party to assert additional grounds of jurisdiction not included in the original pleading. *See Stafford v. Mobil Oil Corp.,* 945 F.2d 803 (5th Cir.1991); *New-*

*man–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 109 S.Ct. 2218, 104 L.Ed.2d 893 (1989) (citing *Aetna Casualty and Sur. Co. v. Hillman,* 796 F.2d 770, 775–76 (5th Cir. 1986)). *See also* 14A Wright, Miller & Cooper, *Federal Practice and Procedure* § 3733 at 537–38 (2d ed. 1985) ("[T]he petition may be amended only to set out more specifically grounds for removal that already have been stated, albeit imperfectly, in the original petition; new grounds may not be added and missing allegations may not be furnished." (footnote omitted)). The court will disallow amendments to notices of removal that present grounds for removal not included in the original notice.

■■■ In the Supplementary Notice of Removal, the defendants suggest that the plaintiffs' petition includes a separate and independent penalty wage claim under 46 U.S.C. § 10313. The original notice of removal contains no such reference. The Court finds that the second notice of removal does not fall within the scope of amendments allowed under § 1653. The Supplementary Notice of Removal is untimely and, accordingly, will not be considered.

## III.

Defendants request that the Court decide the issues presented by the motions to dismiss prior to considering the motion to remand filed by the plaintiffs, citing concerns of judicial economy. Defendants rely upon *Villar v. Crowley Maritime Corp.,* 990 F.2d 1489 (5th Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994). *Villar* concerned a wrongful death action originally brought in Texas state court by the family of a Philippine crew member who drowned while employed by a Saudi Arabian corporation on a Panamanian· vessel. The Fifth Circuit upheld the district court's decision to rule on the motion to dismiss numerous foreign defendants for lack of personal jurisdiction before ruling on the motion to remand the suit to Texas state court. *Id.* at 1494.

---

1. The defendants have requested that both the motion to dismiss for forum non conveniens and the motion to dismiss for want of personal juris- diction be decided before the motion to remand. (Defs.' Reply to Pls.' Resp. In Opp'n to Mot. for Early Consideration at 1.)

The defendants in this case, relying on the holding in *Villar*, argue that early consideration is mandated by concerns of judicial economy and rely upon the holding in *Villar*. In affirming the actions of the district court in *Villar*, the Fifth Circuit stated:

> [J]udicial economy favors this result because if the district court remands the proceeding, then the state court will probably have to decide the same motion to dismiss for lack of personal jurisdiction that the district court avoided. Furthermore, the district court must necessarily address the issue of personal jurisdiction regardless of which ·motion it addresses first. The [appellants'] argument that the standard for determining personal jurisdiction will vary depending on which motion the district ·court decides first does not change the fact that the district court will still have to address the issue of *in personam* jurisdiction.

*Id.* As in *Villar*, this case presents a motion to dismiss for lack of personal jurisdiction which would remain for the state court to decide were this Court to determine that remand is proper. The issue of personal jurisdiction must be decided regardless of the disposition of the motion to remand. The Court interprets the holding in *Villar* as allowing the district court to rule on either a motion to remand or a motion to dismiss for want of personal jurisdiction first according to its preference and concerns of judicial economy.

[5] *Villar* is nevertheless distinguishable from the case at bar in that the cases cited in and consistent with its holding involve federal diversity jurisdiction. *See, e.g., Jones v. Petty–Ray Geophysical Geosource, Inc.,* 954 F.2d 1061 (5th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 193, 121 L.Ed.2d 136 (1992); *Wilson v. Belin,* 20 F.3d 644 (5th Cir.), *cert.*

*denied,* —— U.S. ——, 115 S.Ct. 322, 130 L.Ed.2d 282 (1994). By contrast, removal jurisdiction in this case is premised on the alleged inclusion of federal causes of action in the plaintiffs' petition.[2] The difference in the bases for federal subject matter jurisdiction is significant in light of the court's reasoning in *Villar*.

■ Although *Villar* allows a district court the discretion to grant early consideration of the motion to dismiss for want of personal jurisdiction, the Court declines to do so in this case because the concerns of judicial economy are less compelling. Unlike this case, *Villar* was removed to federal court on allegations of fraudulent joinder. The disposition of a motion asserting fraudulent·joinder has direct ramifications on federal subject matter jurisdiction and the issue of remand.[3] The defendants in this case cite concerns of delay in support of the motion for early consideration. The Court finds that the facts in this case differ significantly from those in *Villar* do not warrant early consideration in this case.  ·

■ In addition, early consideration of the motion to dismiss for forum non conveniens is not warranted. Defendants note that the Southern District of Texas has extended the reasoning in *Villar* to allow a district court sitting in diversity jurisdiction to decide a motion to dismiss for forum non conveniens before a motion to remand. *Hopper v. Ford Motor Co., Ltd.,* 837 F.Supp. 840 (S.D.Tex. 1993). As in *Villar*, the motion to remand in *Hopper* attacked federal jurisdiction on the assertion that diversity jurisdiction was lacking. Federal jurisdiction in this case is premised upon the alleged assertion of claims arising under federal statutes. The holdings in both *Hopper* and *Villar* are distinguishable from this case and the motion for early consideration is denied.

---

2. It is undisputed that no diversity jurisdiction exists in this case. No diversity jurisdiction exists when foreign nationals are the parties on both sides of the suit. *Mossman v. Higginson,* 4 U.S. (4 Dall.) 12, 1 L.Ed. 720 (1800); *Panalpina Welttransport GmbH v. Geosource, Inc.,* 764 F.2d 352 (5th Cir.1985). All of the plaintiffs in this case are citizens and residents of the Republic of the Philippines. None of the defendants is a citizen of the United States. The Court and all

parties to this suit agree that no diversity jurisdiction exists.

3. The court must disregard the presence of all defendants fraudulently joined when determining the existence of diversity jurisdiction and assessing whether removal is proper. *See Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 101–02 (5th Cir.), *cert. denied,* 498 U.S. 817, 111 S.Ct. 60, 112 L.Ed.2d 35 (1990).

## IV.

Plaintiffs maintain that this case was improperly removed and request that it be remanded pursuant to 28 U.S.C. § 1445. The defendants claim that the plaintiffs asserted removable federal causes of action. For the reasons set forth below, the Court disagrees with the defendants and concludes that the action should be remanded to state court.

### A.

Plaintiffs seek relief under the Jones Act, the general maritime law and Texas state law. In *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 79 S.Ct. 468, 3 L.Ed.2d 368 (1959), the Supreme Court ruled that maritime actions arising under the general maritime laws are not claims that arise under the Constitution, treaties, or laws of the United States for purposes of invoking federal jurisdiction. *See* 28 U.S.C. § 1331. The Fifth Circuit has recognized an exception whereby admiralty and maritime claims may be removed to federal courts only by non-forum defendants and only where there is complete diversity of citizenship. *In re Dutile*, 935 F.2d 61, 62–63 (5th Cir.1991); *Linton*, 964 F.2d at 1488.

The Jones Act provides any seaman or seawoman injured in the course of his or her employment by the negligence of the owner, master or fellow crew members an action for damages at law. *Linton v. Great Lakes Dredge & Dock Co.*, 964 F.2d 1480, 1488–89 (5th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 467, 121 L.Ed.2d 735 (1992). The "saving to suitors" clause, as codified in 28 U.S.C. § 1333, allows the plaintiff to choose either a federal or state forum by providing that state courts may exercise concurrent jurisdiction over maritime claims.[4] *Williams v. M/V Sonora*, 985 F.2d 808, 812 n. 7 (5th Cir.1993). "[F]ederal courts cannot exercise *removal* jurisdiction over claims subject to the saving to suitors clause," because the clause purports to guarantee the plaintiff the right to a remedy in state court.

*Id.* (emphasis in original) (citing *In re Dutile*, 935 F.2d at 63.) As a general rule, therefore, Jones Act suits filed in state court may not be removed to federal court. *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir.1993); *Lirette v. N.L. Sperry Sun, Inc.*, 810 F.2d 533, 535 (5th Cir.), *aff'd in relevant part*, 820 F.2d 116 (5th Cir.1987).

The district court must remand a case to state court if the plaintiffs' pleadings allege sufficient facts to support a Jones Act case absent evidence of diversity jurisdiction or attempts to evade removal through fraudulent pleading. *See Lackey*, 990 F.2d at 207 (quoting *Preston v. Grant Advertising, Inc.*, 375 F.2d 439, 440 (5th Cir.1967)). In determining whether a Jones Act claim has been alleged, the court's inquiry is limited to a review of the plaintiff's pleadings. *Id. See also Addison v. Gulf Coast Contracting Serv., Inc.*, 744 F.2d 494, 498 (5th Cir.1984).

The court may allow removal upon evidence of fraudulent pleading of a Jones Act claim. *Lackey*, 990 F.2d at 207 (citing *Preston v. Grant Advertising, Inc.*, 375 F.2d 439, 440 (5th Cir.1967)). The doctrine of fraudulent pleading requires that the removing party prove that the allegations of the complaint were fraudulently made with any doubts resolved in favor of the plaintiff. *Lackey*, 990 F.2d at 207 (citing *Yawn v. Southern Ry.*, 591 F.2d 312, 316 (5th Cir. 1979)). "[D]efendants may pierce the pleadings to show that the Jones Act claim has been fraudulently pleaded to prevent removal." *Id.* The district court, however, may summarily determine whether fraudulent pleading exists. *Id.* at 208. In so doing, the court must resolve disputed questions of fact from the pleadings and affidavits in favor of the plaintiff and then determine whether there could possibly be a valid claim against the defendant in question. *Id.*

Under the well-pleaded complaint rule, the plaintiff's complaint as it exists at the time of removal governs the jurisdictional determination. *Caterpillar v.*

---

4. The statute provides in relevant part:
   The district court shall have original jurisdiction, exclusive of the courts of the States, of:
   (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
   28 U.S.C. § 1333.

*Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 2429, 96 L.Ed.2d 318 (1987) (remanding breach-of-employment-contract action where available preemption statute which would create federal question was not pled on face of complaint). The well-pleaded complaint rule is based upon the notion that the plaintiff is the "master of his claim." *Aaron v. Nat'l Union Fire Ins. Co.,* 876 F.2d 1157, 1161 n. 7 (5th Cir.1989), *cert. denied sub nom. American Home Ins. Group,* 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990). Absent evidence of diversity, a federal controversy must exist on the face of the complaint "unaided by the answer or by the petition for removal" before a court will allow removal. *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 113, 57 S.Ct. 96, 98, 81 L.Ed. 70 (1936). *See Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). Consequently, the court looks to the plaintiff's characterizations of his or her claims to determine which issues formed the basis for removal jurisdiction or lack thereof.

■ Without reference to the fraudulent pleading doctrine, the defendants argue that the "artful pleading" doctrine is applicable to this case.[5] The artful pleading doctrine constitutes a general exception to the well-pleaded complaint rule in that the district court may seek to ascertain whether the plaintiff's claim is truly federal in nature. *In re Carter,* 618 F.2d 1093, 1101 (5th Cir.1980); *Brown v. Crop Hail Management,* 813 F.Supp. 519, 522 (S.D.Tex.1993). The court may properly examine the plaintiff's motives for excluding a federal cause of action if the suit has no federal question on its face. *Aaron,* 876 F.2d at 1164–65; *Brown,* 813 F.Supp. at 522. "If the court concludes that the plaintiff's failure to plead her federal claim was not in good faith, but rather was an attempt to conceal the fact that her claim was truly federal, the court will allow the removal." *Aaron,* 876 F.2d at 1161. *See also Messina v. Tri–Gas, Inc.,* 816 F.Supp. 1163, 1166 (S.D.Tex.1993); *Brown,* 813 F.Supp. at 522.

■ The artful pleading exception cannot apply to this case. The artful pleading doctrine reflects an intent to temper the potential for forum manipulation. *See Aaron,* 876 F.2d at 1161 n. 8. As the defendants note in their supporting brief, the artful pleading doctrine applies to essentially federal causes of action couched in terms of state law for purposes of evading federal jurisdiction. *Carter,* 618 F.2d at 1101. In contrast, nearly all of the causes of action asserted in the plaintiffs' petition are federal. Claims asserted under the Jones Act are in fact federal causes of action. As mentioned earlier, the effect of the saving-to-suitors clause guarantees the plaintiff who asserts Jones Act claims the right to bring suit in state court. Once the plaintiff has chosen to file in state court, the lawsuit may not be removed absent complete diversity of the parties or evidence of fraudulent pleading. The non-removable quality of Jones Act claims somewhat eliminates the dangers of forum manipulation. Consequently, application of the artful pleading doctrine to this case would violate the spirit of the law regarding the saving-to-suitors clause and the Jones Act. The Court applies the well-pleaded complaint rule and examines the plaintiffs' pleadings for evidence of fraudulent pleading in determining whether the plaintiffs' claims are removable.

### B.

■ The defendants claim that the plaintiffs asserted claims "separate and independent" from the Jones Act claims and thus removal jurisdiction exists under 28 U.S.C. § 1441(c).[6] "[J]oinder of a non-removable

---

5. This argument appears not in the notice of removal but in the brief submitted by the defendants in opposition to remand. (Defs.' Br. In Supp. of Their Opp'n to Pls.' Mot. to Remand at 5–10.) Specifically, the defendants maintain that the plaintiffs have deliberately disguised claims which would trigger the jurisdiction of this court.

6. The statute reads as follows:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by § 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein. . . .

28 U.S.C. § 1441(c).

claim, such as a Jones Act claim, with another separate and independent claim removable on the basis of federal question jurisdiction subjects both causes of action to removal." [7] Harold K. Watson, *Modern Practice Considerations in Maritime Personal Injury Litigation: Procedural Weapons for Venue Battles,* 68 Tulane L.Rev. 473, 497 (1994). Most claims typically joined with a Jones Act claim are not considered to be separate and independent claims, however. Watson, *supra,* at 497. For example, claims for maintenance and cure and unseaworthiness are not separate and independent for purposes of Section 1441(c). *See Addison, supra* (maintenance and cure claims); *Pate v. Standard Dredging Corp.,* 193 F.2d 498 (5th Cir.1952) (unseaworthiness claims). A determination as to whether any purported civil RICO claims are "separate and independent" from Jones Act and maritime claims is unnecessary because, as discussed below, the Court finds that the plaintiffs' petition does not state a federal cause of action for purposes of removal jurisdiction.

## V.

### A.

The plaintiffs have alleged sufficient facts to support a cause of action under the Jones Act. The plaintiffs allege that they suffered personal injury from exposure to benzene as the result of the negligence of the defendants and the unseaworthiness of the vessel on which they worked. The complaint includes allegations of negligence as well as an employment relationship with the defendants as required under the Act. *See Addison,* 744 F.2d at 498–99. The defendants do not dispute that the plaintiffs alleged facts sufficient to support a Jones Act claim. Consequently, the defendants must present evidence of

fraudulent pleading before the Court will allow removal.

■■■ The Court finds no evidence of fraudulent pleading. The defendants fail to prove or establish that the Jones Act claims filed by the plaintiffs are spurious. The Court finds that the plaintiffs allege facts which, if proven true, support a cause of action under the Jones Act. Accordingly, the Court holds that this action is not removable by reason of fraudulent pleading.

### B.

The defendants assert that several "separate and independent" claims exist and removal to federal court was thus proper. Specifically, they allege that the plaintiffs' petition includes civil RICO claims. As set forth below, the Court disagrees.

■■■ Defendants assert that the facts alleged by the plaintiffs set forth a civil RICO claim. The Section 1962 of Title 18 provides in relevant part:

(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

(d) It shall be unlawful for any person to conspire to violate any of the provisions of subsection ... (c) of this section.

Section 1964 provides the federal courts with jurisdiction to administer civil remedies to persons injured by reason of a violation of section 1962. *See id.* State courts have concurrent jurisdiction over civil actions brought under RICO. *See Tafflin v. Levitt,*

---

**7.** In *Addison,* the Fifth Circuit outlined the appropriate inquiry for determining whether a particular claim is "separate and independent" from a Jones Act claim for purposes of Section 1441(c). The opinion was based upon the standard established in *American Fire & Casualty Co. v. Finn,* 341 U.S. 6, 13, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951): "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocking series of transactions, there is no separate and independent claim or cause of

action under § 1441(c)." Regardless of the number of causes of action asserted, there has been a wrongful invasion of a single primary right when (1) all of the plaintiff's damages arise from a single incident or when (2) all of the plaintiff's claims involve substantially the same facts. *Addison,* 744 F.2d at 500 (quoting *Finn,* 341 U.S. at 13, 16, 71 S.Ct. at 540, 541). If the invasion of a single primary right is indicated, the court must conclude that the claim at issue is not "separate and independent" under Section 1441(c).

493 U.S. 455, 456, 110 S.Ct. 792, 794, 107 L.Ed.2d 887 (1990). RICO claims require "1) a person who engages in 2) a pattern of racketeering activity, 3) connected to the acquisition, establishment, conduct, or control of an enterprise." *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir.1988), *cert. denied,* 489 U.S. 1079, 109 S.Ct. 1531, 103 L.Ed.2d 836 (1989), *cited with approval in In re Burzynski,* 989 F.2d 733, 741 (5th Cir.1993).

■ In applying the well-pleaded complaint rule to the plaintiffs' petition, the Court finds that the petition does not state a civil RICO claim. Apart from the plaintiffs' vigorous objection to the proposition that such a claim might exist, the Court relies on the plaintiffs' characterization of their injuries in their amended petition. The plaintiffs do not plead a civil RICO cause of action within the specific requirements set forth by Federal Rule of Civil Procedure 9(b) regarding averments of fraud. Consequently, federal jurisdiction over this action may not be based on a "separate and independent" civil RICO claim.

## VI.

In summary, the Court finds that the plaintiffs' petition does not set forth grounds for removal and remand to state court is warranted. Accordingly, the Court ORDERS that the motion for early consideration of both the motion to dismiss for forum non conveniens and the motion to dismiss for want of personal jurisdiction is DENIED. The motion to remand this action to state court is GRANTED.